IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BMO HARRIS BANK N.A.                                                                  PLAINTIFF

v.                             Case No. 4:17-cv-4096

UNIQUE FREIGHT SYSTEMS, INC.
and KENNETH DOUGAN                                                                   DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiff BMO Harris Bank N.A.'s ("BHB") Motion for Summary Judgment. ECF No. 9. Defendants Unique Freight Systems, Inc. and Kenneth Dougan (collectively "Defendants") have filed a response. ECF No. 14. BHB has filed a reply. ECF No. 26. The Court finds this matter ripe for consideration.

### I.  BACKGROUND

This is a breach of contract case. Defendant Unique Freight Systems, Inc. entered into two separate Loan and Security Agreements (the "Agreements") with BHB to finance the purchase of eight Kenworth T660-Series semi-trucks. Defendant Kenneth Dougan personally guaranteed that Unique Freight Systems would satisfy its repayment obligations. Unique Freight Systems subsequently defaulted on the loans, and Dougan failed to remedy the default. BHB brings this action to recover the balance owed on the Agreements.

On September 18, 2014, Unique Freight Systems entered into a Loan & Security Agreement, ("Agreement 1") with BHB in the amount of $549,526.32 to finance the purchase of six 2012 Kenworth T660-Series semi-trucks. Unique Freight Systems agreed to make monthly payments in the amount of $9,812.97 beginning on November 3, 2014, for a term of 56 months. That same day, Dougan executed a "Continuing Guaranty" personally and unconditionally guaranteeing Unique

Freight System's performance of all "present and future liabilities, obligations and indebtedness" to BHB.

On February 20, 2015, Unique Freight Systems entered into a second Loan & Security Agreement ("Agreement 2") with BHB in the total amount of $219,526.80. This agreement was to finance the purchase of two 2013 Kenworth T660-Series semi-trucks. Under Agreement 2, Unique Freight Systems agreed to make monthly payments in the amount of $3,658.78 beginning on April 1, 2015, for a term of 60 months.

On October 1, 2015, Unique Fright Systems defaulted under the terms of Agreement 2 by failing to make the required minimum monthly payments. Likewise, on October 3, 2015, Unique Freight Systems also defaulted under the terms of Agreement 1 by failing to make the required payments. On February 2, 2016, Unique Freight Systems and Dougan, as the guarantor of Unique Freight Systems, were informed by letter that Unique Freight Systems was in default under the Agreements and that the accelerated balance owed to BHB would be due in ten days.

Defendants did not pay the accelerated balance in the prescribed time. BHB alleges that the trucks were then retrieved and sold over the course of three heavy equipment auctions with the proceeds being applied towards Defendants' outstanding loan obligations. Defendants admit that the trucks were retrieved by BHB. However, Defendants contest whether the trucks were ever actually sold. Defendants further contend that if the trucks were indeed sold then the disposition sales were not commercially reasonable based on the prices BHB claimed to receive for the trucks at auction.

After the disposition sales, a balance of $578,835.35 remained due under the Agreements. On November 1, 2017, BHB commenced this action to recover the outstanding balance. ECF No. 1. On July 9, 2018, BHB filed its Motion for Summary Judgment and supporting documents. ECF Nos. 9-11.

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. DISCUSSION

BHB argues that there are no genuine disputes of material fact and that it is entitled to summary judgment. Defendants do not challenge the validity of the Agreements or the fact that they

were in default.¹ However, Defendants maintain that summary judgement is improper because the disposition sales of the trucks were conducted in a commercially unreasonable manner.²

### A. The Commercial Reasonableness of the Disposition Sales

The Court now addresses Defendants' argument that the disposition sales of the trucks were conducted in a commercially unreasonable manner.

"Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." ARK. CODE ANN. § 4-9-610(b).³ "A disposition of collateral is made in a commercially reasonable manner if the disposition is made: (1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of the disposition; or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition." ARK. CODE ANN. § 4-9-627(b). "Commercial reasonableness is a flexible concept, based upon a consideration of all relevant factors presented in each individual case." *Marks v. Powell*, 162 B.R. 820, 829 (E.D. Ark. 1993) (internal quotation and citation omitted). Consequently, "[t]he fact that a greater amount could have been obtained by a collection, enforcement, disposition, or acceptance at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party

---

¹ Defendants do argue that summary judgment is improper because there is no evidence that their trucks were actually sold at auction. ECF No. 17, p. 7. In support of this argument, Defendants cite to the fact that BHB did not provide serial or vehicle identification numbers of the trucks sold at auction in its Motion for Summary Judgement or supporting documents (ECF Nos. 9-11). ECF No. 17, p. 7. However, in its reply, BHB has provided copious evidence that the trucks sold at auction bore serial numbers matching the trucks Defendants purchased under the Agreements. ECF No. 26-1. Therefore, the Court finds that there is no genuine dispute of material fact as to whether Defendants' trucks were actually the trucks sold at auction.

² Defendants argue both that the disposition sales themselves were commercially unreasonable and that there are disputes of material fact as to the deficiency judgment amount because of the commercially unreasonable disposition sales. ECF No. 17, p. 7-8. The Court addresses both arguments in its discussion of the commercial reasonableness of the disposition sales.

³ Defendants note that there is a potential choice of law dispute between Arkansas and Texas law. However, Defendants admit that even if Texas law were applied it would not change the outcome of this case because Texas law is materially the same as Arkansas law in this matter. Accordingly, the Court applies Arkansas law.

from establishing that the collection, enforcement, disposition, or acceptance was made in a commercially reasonable manner." ARK. CODE ANN. § 4-9-627(a).

The secured party has the burden of establishing the commercial reasonableness of all aspects of a disposition sale when it is placed in issue. ARK. CODE ANN. § 4-9-626(a)(2). However, "where the debtor is concerned over the price received for the trade-in or the collateral, he should challenge the aspect of the sale which he feels has made the disposition commercially unreasonable so as to result in an insufficient price." *Holiman v. Hagan's Motors, Inc.*, 32 Ark. App. 62, 64, 796 S.W.2d 356, 357-58 (1990). Moreover, public and private auctions have been held to be commercially reasonable methods of disposing of automobiles and heavy equipment even when sale prices were much lower than the debtor desired. *See Gold v. Wells Fargo Nat'l Bank*, 2017 N.J. Super. Unpub. LEXIS 824 (D. N.J. 2017) (holding where plaintiff retained national vehicle remarketing service, to sell automobile at auction, automobile was disposed of "in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition"); *Cheshire v. Walt Bennett Ford, Inc.*, 31 Ark. App. 90, 96, 788 S.W.2d 490, 493 (1990) (holding private sale of automobile was commercially reasonable where plaintiff accepted highest bid and defendant objected to low sale price).

Upon consideration, the Court finds that the disposition sales were conducted in a commercially reasonable manner. BHB has established that it retained Ritchie Bros., a global asset management and disposition company specializing in the buying and selling of used heavy equipment, to sell the trucks. ECF No. 26-1. It is clear from the record that Ritchie Bros. then sold the trucks to the highest bidder over the course of three different auctions on September 21, 2016, November 30, 2016, and March 15, 2017, respectively. *Id.* BHB has also demonstrated that Defendants received adequate notice before each auction, that the auctions were well advertised, included many other lots consisting of other large trucks and heavy equipment, and were frequented

by numerous bidders from all fifty states and abroad. *Id.* The Court also takes note that some substantially similar semi-trucks sold for considerably more at auction while others sold for considerably less. *Id.* Because the disposition sales were in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition, BHB has met its *prima facie* burden of establishing the disposition sales were commercially reasonable.

Moreover, Defendants have not actually attacked any aspect of the disposition sale such as its time, place, or manner as being commercially unreasonable. ECF No. 17. Rather, Defendants have merely expressed their displeasure with the ultimate sale price of the collateral. This alone is insufficient to defeat a motion for summary judgment. *See Holiman*, 32 Ark. App. at 64, 796 S.W.2d at 357-58. Therefore, the Court finds that the disposition sales of the collateral under the Agreements were commercially reasonable.[4]

### B. CONCLUSION

For the reasons above, the Court finds that BHB's Motion for Summary Judgment (ECF No. 9) should be and hereby is **GRANTED**. Accordingly, BHB's pending Motions to Strike Defendants' Demand for Jury Trial (ECF Nos. 27 and 28) hereby are **DENIED AS MOOT**. A separate judgment of even date consistent with this Memorandum Opinion will be entered.

**IT IS SO ORDERED**, this 11th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] Defendants also argue that summary judgment is premature at this stage of litigation pursuant to Federal Rule of Civil Procedure 56(d)(2) due to ongoing discovery disputes. ECF No 17, p. 8-9. However, the Court finds that the facts of this case have been sufficiently developed for the purposes of summary judgment.